IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT

SAMSUNG FIRE AND MARINE
INSURANCE CO., LTD (U.S. BRANCH);
HARLEYSVILLE PREFERRED
INSURANCE COMPANY

: No. 49 EM 2024

v.

RI SETTLEMENT TRUST; ACE
PROPERTY AND CASUALTY INSURANCE
COMPANY; NATIONWIDE MUTUAL
INSURANCE COMPANY; PHILADELPHIA
INDEMNITY INSURANCE COMPANY;
CAPITOL SPECIALTY INSURANCE
CORPORATION

PETITION OF: UNITED STATES COURT
OF APPEALS FOR THE THIRD CIRCUIT

## ORDER

**PER CURIAM**

**AND NOW**, this 8th day of October, 2024, the Petition for Certification of Question

of State Law is GRANTED, as it appears that the United States Court of Appeals for the

Third Circuit has not addressed the questions identified in its submission. This Court shall

consider the following issues:

1. Does Pennsylvania have an "overriding public policy" against sex trafficking—as found regarding Schedule I controlled substances in *Minnesota Fire & Casualty Co. v. Greenfield*, 855 A.2d 854 (Pa. 2004), and as evinced by the state's anti-trafficking law, 18 Pa. Cons. Stat. § 3011(a)—such that an insurer's duty to defend and/or

indemnify is abrogated when an insured is alleged to have enabled or profited from such trafficking?

2.     If yes, is that duty abrogated whenever the insured's alleged conduct would constitute a violation of 18 Pa. Cons. Stat. § 3011(a), i.e., when the insured displayed an alleged mens rea of (1) "reckless[] disregard[]" that a person will be subjected to sexual servitude or (2) "knowingly benefit[ting] financially" from *such activity, or is the duty* abrogated only when an insured's conduct was allegedly "intentional," *cf. Erie Ins. Exch. v. Moore*, 228 A.3d 258 (Pa. 2020)?

The Prothonotary is DIRECTED to establish a briefing schedule and list this case for oral argument.

A True Copy Steven Rothermel, Esquire
As Of 10/08/2024

Attest: _____
Deputy Prothonotary
Supreme Court of Pennsylvania